**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Horace D. Allen and Toya S. Allen,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. Bank National Association ND, a national banking association,<br><br>Defendant. | No. CV 11-00922-PHX-FJM<br><br>**ORDER** |

The court has before it plaintiffs' motion to remand (doc. 6) and defendant's response (doc. 11). Plaintiffs did not file a reply. The court also has before it defendant's motion to dismiss (doc. 9), plaintiffs' response (docs. 11 and 13), and defendant's reply (doc. 16). We also have before us plaintiffs' sur-reply (doc. 18), defendant's motion to strike improper reply (doc. 22), and plaintiff's response (doc. 23).

Plaintiff filed this action alleging wrongful prosecution in the Superior Court of Arizona in Maricopa County on April 15, 2011. Defendant timely removed the case here on May 9, 2011. Defendant claims that diversity jurisdiction exists because plaintiffs are citizens of Arizona and defendant is a citizen of North Dakota because it is a national banking association and its main office is located in North Dakota. In addition, the amount in controversy requirement is met because plaintiffs' complaint seeks stated sums of

1  $1,294,516.28 and $60,000.00.  28 U.S.C. § 1332(A).

2  Plaintiffs now move to remand the case. Plaintiffs argue that removal was improper because defendant has a prominent and substantial presence in Arizona and therefore is a citizen of Arizona. Plaintiffs also contend that removal will "take the Plaintiffs out of their comfort zone and further burden an already overloaded federal district court venue." MTR ¶ 16. Defendant is a national bank. The law is clear that a bank's location for diversity jurisdiction purposes is the state in which the national bank's main office is located. Wachovia Bank v. Schmidt, 546 U.S. 303, 126 S.Ct. 941 (2006) (interpreting 28 U.S.C. § 1348). Here, defendant's main office is located in Fargo, North Dakota. Therefore, it is a citizen of North Dakota for diversity jurisdiction purposes. Because plaintiffs are citizens of Arizona, removal on the basis of diversity jurisdiction is proper. We reject plaintiffs' argument that litigation in the federal court system will take them out of their comfort zone. That is not a proper basis to remand a case. We deny plaintiffs' motion to remand.

Having found that removal was proper and we have jurisdiction, we address defendant's motion to dismiss. Defendant moves to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) because it is barred by the statute of limitations and by a previous dismissal of the claim. Plaintiffs only respond directly to the statute of limitations defense. The rest of the response and unauthorized sur-reply, simply rambles about the state court action. Plaintiffs argue that the cause of action did not accrue when the Superior Court dismissed the case because they appealed the decision. They contend that the Arizona Court of Appeals did not decide the malicious prosecution claim, and therefore their claim is timely.

A motion to dismiss based on statute of limitations grounds may be granted only if "the running of the statute is apparent on the face of the complaint." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). A claim for malicious prosecution is subject to a one year statute of limitations. A.R.S. § 12-541(1). A claim for malicious prosecution accrues when the prior proceedings have terminated in the party's favor. Glaze v. Larsen, 207 Ariz. 26, 29, 83 P.3d 26, 29 (2004). Here plaintiffs raised a claim for malicious prosecution in the initial action. The Superior Court of Arizona dismissed the claim against

1 | Ms. Allen on March 25, 2010. Complaint ¶ 17, ex. 8. This is clear from the complaint. The present action was filed on April 15, 2011. Thus this action, having been filed more than a year after the prior dismissal, is barred by the statute of limitations. Plaintiffs' citations to Hansen v. Stoll, 130 Ariz. 454, 636 P.2d 1236 (Ct. App. 1981) and Owen v. Shores, 24 Ariz.App. 250, 537 P.2d 978 (Ct. App. 1975) do not instruct otherwise.

Equitable tolling may be applied to a statute of limitations defense. Plaintiffs, however, do not request equitable tolling, nor is there anything in the record that suggests it would be appropriate. Accordingly, we grant defendant's motion to dismiss because this action is barred by the statute of limitations. We also note that if defendant seeks an award of attorneys' fees, it must do so in a separate motion. See LRCiv. 54.2.

**IT IS THEREFORE ORDERED DENYING** plaintiffs' motion to remand (doc. 6).

**IT IS FURTHER ORDERED GRANTING** defendant's motion to dismiss with prejudice (doc. 9) and **DENYING AS MOOT** defendant's motion to strike improper reply (doc. 22).

DATED this 9th day of August, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge